IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02584-RBJ

ERICK ALEXANDER MAIRENA ZELAYA,

      Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

      Respondents.

---

## ORDER

---

Before the Court is Erick Alexander Mairena Zelaya's ("petitioner") Amended Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and Motion for Temporary Restraining Order ("TRO"), ECF No. 4. Petitioner seek an order declaring his current immigration detention unlawful and requiring respondents to release him immediately or else provide him with a prompt bond hearing before an immigration judge ("IJ"). ECF No. 1 at 18. Although respondents maintain that petitioner's detention is lawful, they have declined to submit an opposition brief. Further, without explaining their reasoning, respondents suggest that if the Court does grant the Petition, the appropriate relief would be an order directing a bond hearing (rather than granting immediate release). ECF No. 10.

1

For the reasons set forth below, the Court agrees that petitioner's mandatory detention is unlawful, and orders that respondents release him forthwith.

## I.   Background

Petitioner entered the country without inspection and has lived here in the United States continuously since 2011.  He works in construction and lives with his parents.  ECF No. 1 at 1.  He was arrested and is currently in immigration detention at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.* at 2.

On June 11, 2026, petitioner filed his habeas petition pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner claims he is being unlawfully detained pursuant to a misapplication of 8 U.S.C. § 1225(b)(2)(A) which mandates detention pending removal proceedings.  He argues that his detention should be governed by 8 U.S.C. § 1226 and that he should receive a bond hearing.  He also asserts that his current detention violates the Administrative Procedure Act and his procedural and substantive due process rights.  *See id.* at ¶¶ 40-61.  Petitioner asks the Court to declare that his detention is subject to § 1226(a), not § 1225(b), and order his release from custody. *Id.* at 17.  Alternatively, petitioner asks the Court to order respondents to hold a bond hearing. *Id.*

## II.   Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the

United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

The Court agrees with petitioner that his detention is controlled by § 1226(a) rather than § 1225(b). The proper relief here is release.

### A. Section 1226(a) vs. Section 1225(b)

The issue in this case is a familiar one: whether, as a noncitizen who has not been admitted or paroled into the United States, petitioner's detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). The Tenth Circuit settled the intra-circuit split regarding the applicable statutory framework governing noncitizen detentions, like the petitioner in this case. *Santillan Quiroz v. Mullin,* __ F.4th __, 2026 WL 1876709 (10th Cir. June 30, 2026). Consistent with the vast majority of §§ 1225/1226 decisions in this District, the court held that "noncitizens who entered the United States and were thereafter detained in

3

the interior of the country, are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz,* 2026 WL 1876709 at \*12.

Given this uncontradicted line of authority, the government's reliance on § 1225 is legally untenable. Mr. Mairena Zelaya resided in the United States before his arrest and detention. It follows that § 1226, and not § 1225, governs.

## B. Release is the appropriate remedy

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief." *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at \*6 (D.N.M. Jan. 21, 2026) (internal citation omitted). And in issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

In some prior decisions, this Court has ordered that a noncitizen should receive a prompt bond hearing before an immigration judge. *See, e.g.*, *Vences Nuñez v. Baltazar*, No. 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026) (ordering a bond hearing); *accord Cervantes Arredondo,* ECF No. 21, at \*8; *Velazquez de Leon,* ECF No. 19, at \*8 (same). However, in this case, the Court concludes that release is the appropriate remedy. *See Tumba v. Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (noting that the "typical remedy" for "unlawful executive

detention" is "of course, release") (quoting *Munaf v. Green*, 533 U.S. 674, 693 (1973)).

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order. Accordingly, that part of petitioner's motion for a TRO, ECF No. 4, that was not previously granted, is now DENIED AS MOOT.

2. Respondents MAY NOT impose additional release conditions other than those that petitioner was subject to prior to his current detention.

3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

It is SO ORDERED.[1]

Dated: August 3, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

---

[1] To the extent petitioner seeks attorneys' fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.